# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANHEUSER-BUSCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08cv0358 TCM |
| ) | |
| VIP PRODUCTS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the Court on the opposed motion of defendant, VIP Products, LLC, ("VIP"), to dismiss the last three counts of the eight-count complaint filed by plaintiff, Anheuser-Busch, Inc. ("Anheuser-Busch"). [Doc. 52]

Anheuser-Busch "is a leading American brewer" and has sold "its universally famous "Budweiser" beer for over 100 years and its famous "O'Doul's" for 19 years. (Compl. ¶ 8.) VIP sells dog toys, some of which allegedly infringe on Anheuser-Busch's trademarks for "Budweiser" and "O'Doul's." (Id. ¶ 2.) In Count VI of its complaint, Anheuser-Busch alleges that VIP's toys are infringing on its trademarks in violation of Arizona law and "the laws of numerous other states." Anheuser-Busch alleges in Count VII that VIP is diluting its trademarks, in violation of Arizona law and "the laws of numerous other states," and, in Count VII, that VIP's actions violate common law trademark infringement and dilution.

In its motion to dismiss or, in the alternative, for a more definite and certain statement,[1] VIP argues that these three counts should be dismissed because the reference to

---

[1]The Court notes that this motion is not accompanied by a supporting memorandum as required by Local Rule 4.01(A) of the Eastern District of Missouri.

"numerous other laws" fails to provide VIP with sufficient notice or information from which it may make a response. Anheuser-Busch counters that its pleading satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This "threshold requirement" of a "plain statement" requires that the allegations in the complaint "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. 1955, 1966 (2007) (quoting Rule 8(a)(2)) (alteration in original). In other words, a complaint must include "enough facts" to "nudge . . . [the] claims across the line from conceivable to plausible." **Id.** at 1974.

The Court finds that the allegations in Counts VI, VII, and VIII satisfy this requirement. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of VIP Products, Inc., is **DENIED**. [Doc. 52]

/s/ Thomas C. Mummert, III

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of October, 2008.